**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Freddie L. Dillard,

Petitioner,

v.

State of Minnesota, et al.,

Respondents.

Case No. 23-cv-2383 (KMM/DTS)

**REPORT AND RECOMMENDATION**

In 2000, petitioner Freddie L. Dillard was convicted in Minnesota state court on counts of "soliciting a person under the age of 16 years to practice prostitution, engaging in prostitution with a person between the ages of 13 to 15, and kidnapping." *Dillard v. State*, No. A21-0258, 2021 WL 5174125, at *1 (Minn. Ct. App. Nov. 2, 2021) (citations omitted). "Since his direct appeal, Dillard has filed approximately 17 petitions for postconviction relief" in state court. *See id*. He has also previously filed three petitions for a writ of habeas corpus in federal court challenging his convictions from 2000. The first of those habeas petitions was denied as untimely under 28 U.S.C. § 2244(d). *See Dillard v. Fabian*, 03-CV-5317, Dkt. No. 4 (D. Minn. Oct. 28, 2003). The second of those habeas petitions was dismissed due to being an unauthorized successive habeas petition barred by 28 U.S.C. § 2244(b). *See Dillard v. State of Minnesota*, No. 05-CV-2087, Dkt. No. 5 (D. Minn. Oct. 12, 2005). The third of those habeas petitions was no less successive than the second and was dismissed for the same reason. *See Dillard v. Fletcher*, No. 09-CV-1165, Dkt. No. 6 (D. Minn. June 16, 2009).

Dillard now returns for round four of federal habeas review of his state-court convictions. But the present habeas petition, like Dillard's last two petitions, is successive

within the meaning of § 2244(b). Dillard is attacking the same convictions that he has already previously challenged through a habeas petition filed in federal court. To challenge the convictions again through another federal habeas petition would require the authorization of the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3). Dillard has not received the required authorization. Until he does, the Court lacks jurisdiction over any habeas petition attacking the 2000 convictions that Dillard might file. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). None of this should come as any surprise to Dillard, who was warned previously that "[a]ny future habeas petition challenging [his] 2000 Ramsey County convictions and sentence, which is not accompanied by a pre-authorization order from the Court of Appeals, will meet the same fate as the present petition — summary dismissal." *Dillard v. Fletcher*, No. 09-CV-1165, Dkt. No. 3 at 5 n.5 (D. Minn. May 20, 2009). This should be the fate of the current action.

There are also other problems with Dillard's petition. His 2003 habeas petition was already untimely; unsurprisingly, his 2023 habeas petition is also untimely. *See* 28 U.S.C. § 2244(d). Dillard has not fairly presented his current claims for habeas relief to the Minnesota courts in a manner that entitled him to a ruling on the merits of his claims. *See* 28 U.S.C. § 2254(b). And it is not clear that Dillard remains "in custody" for purposes of 28 U.S.C. § 2254(a), a requirement for procuring habeas corpus relief in federal court.

But the lack of authorization from the Eighth Circuit is a jurisdictional infirmity and therefore takes priority over the other procedural problems: Dillard's petition must be dismissed without prejudice for lack of jurisdiction. The basis on which dismissal is recommended is not reasonably debatable, and Dillard therefore should not be granted

a certificate of appealability. *See* 28 U.S.C. § 2253(c). Dillard's pending application to proceed *in forma pauperis* should be denied upon dismissal of this action. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

**RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of petitioner Freddie Dillard [Dkt. No. 2] be DENIED.

3. No certificate of appealability be issued.

Dated: August 14, 2023

s/David T. Schultz
DAVID T. SCHULTZ
U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).